## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **CHARLES COOPER, on behalf of himself and all others similarly situated,** 4212 Carona Street Springfield, Ohio 45503 | CASE NO. |
| | JUDGE |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **HONDA OF AMERICA MFG., INC.,** c/o Statutory Agent Corp. 52 East Gay Street Columbus, Ohio 43215 | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | |

Plaintiff, Charles Cooper, by and through counsel, for his Complaint against Defendant, Honda of America Mfg., Inc., states and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this collective action because of Defendant's practice and policy of failing to pay Plaintiff and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rate of pay for all the hours they worked over forty (40) in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Charles Cooper is an adult individual residing in Clark County, Ohio.

5. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

6. Defendant Honda of America Mfg., Inc. ("Defendant" or "Honda") is a for-profit Ohio corporation that is registered to conduct business in Ohio. Upon information and belief, Defendant Honda of America Mfg., Inc.'s principal place of business is in Union County, Ohio.

7. Defendant Honda of America Mfg., Inc. can be served through its statutory agent, Statutory Agent Corp., 52 East Gay Street, Columbus, Ohio 43215.

8. At all relevant times, Defendant conducted business in Union County, Ohio, as well as other counties throughout Ohio.

9. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all relevant times, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Plaintiff's written consent to join this action pursuant to 29 U.S.C. § 216(b) will be filed separately.

## FACTUAL ALLEGATIONS

13. Defendant is an Ohio corporation that operates manufacturing facilities in various locations in Ohio.

14. Plaintiff was employed by Defendant as an hourly, non-exempt employee at Defendant's Marysville, Ohio location from approximately November of 1985 to February of 2017.

15. Other similarly-situated employees were employed by Defendant as hourly, non-exempt employees at Defendant's Marysville, Ohio location.

16. Plaintiff and other similarly-situated employees were non-exempt employees under the FLSA and were paid an hourly wage.

17. Plaintiff and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before their scheduled start times and after their scheduled stop times, including, but not limited to, donning and doffing safety glasses, a bump cap, Kevlar shirt, Kevlar pants, Kevlar gloves and sleeves, and steel toe boots (the "Safety Equipment").

18. Plaintiff and other similarly-situated employees' continuous work-day began when they first donned any Safety Equipment and did not end until they doffed all Safety Equipment.

19. The Safety Equipment was necessary to Plaintiff and other similarly-situated employees' ability to perform their job duties.

20. The Safety Equipment was required by Defendant.

21. The Safety Equipment primarily benefited Defendant.

22. Plaintiff and other similarly-situated employees were not paid for time spent donning the Safety Equipment and time following the donning of such equipment until the beginning of their scheduled shift. Likewise, Plaintiff and other similarly-situated employees were not paid for time spent doffing the Safety Equipment or for time after the scheduled end of their shift and until they doffed the Safety Equipment.

23. After donning the Safety Equipment, Plaintiff and other similarly-situated employees walked from the areas in which they changed into Safety Equipment to their work area. Such time constitutes "post-donning walk time."

24. Plaintiff and other similarly-situated employees were not paid for their post-donning walk time.

25. At the end of their shift, Plaintiff and other similarly-situated employees walked from their work area to the areas in which they doffed the Safety Equipment. Such time constitutes "pre-doffing walk time."

26. Plaintiff and other similarly-situated employees were not paid for their pre-doffing walk time.

27. Because of Plaintiff and other similarly-situated employees not being paid for all hours worked, Plaintiff and other similarly-situated employees were not paid overtime compensation for all the hours they worked over forty (40) each workweek.

28. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

29. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiff and other similarly-situated production employees.

30. The amount of time Plaintiff and other similarly-situated employees spent on their required and unpaid work was up to approximately 30 to 60 minutes each day.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly-situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

32. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current hourly employees of Defendant Honda of America Mfg., Inc. employed in Ohio three years preceding the date of filing of this Complaint to the present.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

34. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), to collectively adjudicate their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 785.24.

37. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR § 516.2(a)(7).

38. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

39. Because of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, and all similarly-situated persons, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action;

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), informing all class members that this litigation is pending and they have a right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

          Respectfully submitted,

          NILGES DRAHER LLC

          */s/ Shannon M. Draher*
          Shannon M. Draher (0074304)
          Hans A. Nilges (0076017)
          Michaela M. Calhoun (0093546)
          7266 Portage Street, N.W., Suite D
          Massillon, OH 44646
          Telephone:   (330) 470-4428
          Facsimile:    (330) 754-1430
          Email:        sdraher@ohlaborlaw.com
                          hans@ohlaborlaw.com
                          mcalhoun@ohlaborlaw.com

          *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all eligible claims and issues.

          */s/ Shannon M. Draher*
          Shannon M. Draher

          *Counsel for Plaintiff*