UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES COOPER, | ) | Case No. 2:17-CV-00460-GCS-EPD |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE DEAVERS |
| | ) | |
| v. | ) | |
| | ) | |
| HONDA OF AMERICA MFG., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MOTION FOR LEAVE TO FILE MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, WITH ATTACHED SETTLEMENT AGREEMENT AND RELEASE, UNDER SEAL**

Pursuant to Local Rule 5.2.1, Plaintiff Charles Cooper ("Plaintiff") and Defendant Honda of America Mfg., Inc. ("HAM") (collectively the "Parties") respectfully request an Order authorizing them to file a Joint Motion for Approval of Settlement Agreement, along with the actual Settlement Agreement and Release, under indefinite seal. The grounds for this motion are as follows:

1. Plaintiff filed his Complaint on May 26, 2017, alleging violations of the Fair Labor Standards Act ("FLSA"). HAM filed its Answer to the Complaint on July 24, 2017, denying all liability. The Parties engaged in extensive, good faith settlement negotiations and participated in mediation on November 3, 2017, with Magistrate Judge Norah McCann King serving as mediator. As a result of those negotiations and mediation, the Parties have reached a settlement of Plaintiff's individual claims, which has been reduced to writing.

2. The Parties agreed that the terms of the agreement should remain confidential, and such confidentiality is a material term of the Parties' agreement.

3. Because the settlement includes resolution of a claim under the FLSA, Court approval of the settlement terms is necessary.

4. Filing the motion to approve the settlement and confidential settlement agreement under seal is necessary to maintain the confidentiality of the agreement. If the relief requested herein is not granted, a material term of the agreement will be rendered inoperative and settlements in FLSA actions will become more difficult.

Therefore, the Parties respectfully request an Order authorizing them to file the written settlement agreement, along with the joint motion seeking the Court's approval of same, under seal. A Memorandum in Support is attached. The Parties have also submitted a proposed Order for the Court's convenience.

Respectfully submitted,

| NILGES DRAHER LLC | VORYS, SATER, SEYMOUR & PEASE, LLP |
|---|---|
| /s/ *Shannon M. Draher* | /s/ *Cory D. Catignani* |
| Hans A. Nilges (0076017) | Mark A. Knueve (0067074) |
| Shannon M. Draher (0074304) | Benjamin A. Shepler (0082569) |
| 7266 Portage Street, N.W., Suite D | Cory D. Catignani (0084329) |
| Massillon, Ohio 44646 | 52 East Gay Street |
| (330) 470-4428 | Columbus, Ohio 43215 |
| (330) 754-1430 (fax) | (614) 464-6400 |
| hans@ohlaborlaw.com | (614) 719-4788 (fax) |
| sdraher@ohlaborlaw.com | maknueve@vorys.com |
|  | bashepler@vorys.com |
| Attorneys for Plaintiff | cdcatignani@vorys.com |
|  | Attorneys for Defendant |

**MEMORANDUM IN SUPPORT**

Plaintiff, a former HAM employee, filed this lawsuit on May 26, 207. The Complaint alleges claims under the Fair Labor Standards Act ("FLSA"). The Parties engaged in extensive, good faith settlement negotiations. On November 3, 2017, the Parties attended mediation with Magistrate Judge Norah McCann King serving as mediator. As a result of the mediation, the Parties reached an agreement on Plaintiff's individual FLSA claim, the terms of which are memorialized in a Settlement Agreement and Release ("Agreement"). The Parties also settled all other claims arising out of Plaintiff's employment with HAM, the terms of which are memorialized in separate agreements and are not subject to the instant motion.

Pursuant to 29 U.S.C. §216(b), private resolution of FLSA claims must be reviewed and approved by the courts. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Such approval necessarily requires the Agreement to be filed with this Court and, therefore, available for public viewing. However, the Parties agreed during settlement negotiations that the Agreement should be confidential. The only way to comply with the confidentiality provision, as well as the requirements of 29 U.S.C. §216(b), is to submit the Agreement under seal for this Court's review.

Courts have recognized the importance of confidentiality provisions in settlement agreements and found that the benefit of honoring such provisions outweighs the interest of having the agreement available for public view, especially when a potential consequence could include the decision not to pursue settlement. *See, e.g., Sanderson v. City of Potosi,* 2016 U.S. Dist. LEXIS 58524, *5 (E.D. Mo. May 3, 2016) ("Balancing the substantial benefits of this [FLSA] settlement against the harm of sealing these documents from public view, the Court finds that the interests of justice weigh in favor of approving the parties' settlement agreement and allowing it to remain under seal"). Moreover, courts in Ohio and within the Sixth Circuit

routinely authorize FLSA settlement agreements to be filed and maintained under seal. *See Zwerin v. 533 Short North LLC*, 15 F.Supp.3d 769, 771 (S.D. Ohio 2014)(Hon. Edmund A. Sargus Jr.)(FLSA Settlement Agreement submitted for in camera review and filed under seal); *Bradford v. Legacy Health Servs.*, 2014 U.S. Dist. LEXIS 161672 (N.D. Ohio Nov. 18, 2014)(FLSA settlement agreement filed under seal); *Gongora v. 1st Sec. Servs. of Ohio Corp.*, 2015 U.S. Dist. LEXIS 71765 (N.D. Ohio Jun. 3, 2015)(FLSA settlement agreement filed under seal); *Lakosky v. Discount Tire Co., Inc.*, 2015 U.S. Dist. LEXIS 99960 (E.D. Mich. Jul. 31, 2015)(FLSA settlement agreement filed under seal); *Hedglin v. Maxim Healthcare Servs., Inc.*, 2016 U.S. Dist. LEXIS 148275 (N.D. Ohio Oct. 26, 2016)(FLSA settlement agreement filed under seal); *Temple v. Vsm Sewing, Inc.*, 2016 U.S. Dist. LEXIS 135780 (N.D. Ohio Sep. 30, 2016)(FLSA settlement agreement filed under seal); and *Ochs v. Modern Design, Inc.*, 2014 U.S. Dist. LEXIS 142197 (N.D. Ohio Oct. 6, 2014)(FLSA settlement agreement filed under seal).

For these reasons, the Parties jointly request this Court to uphold the importance of the confidentiality provision and grant their motion to file their Joint Motion for Approval of Settlement Agreement, along with the actual Settlement Agreement and Release, under seal.

| **NILGES DRAHER LLC** | **VORYS, SATER, SEYMOUR & PEASE, LLP** |
|---|---|
| /s/ *Shannon M. Draher* | /s/ *Cory D. Catignani* |
| Hans A. Nilges (0076017) | Mark A. Knueve (0067074) |
| Shannon M. Draher (0074304) | Benjamin A. Shepler (0082569) |
| 7266 Portage Street, N.W., Suite D | Cory D. Catignani (0084329) |
| Massillon, Ohio 44646 | 52 East Gay Street |
| (330) 470-4428 | Columbus, Ohio 43215 |
| (330) 754-1430 (fax) | (614) 464-6400 |
| hans@ohlaborlaw.com | (614) 719-4788 (fax) |
| sdraher@ohlaborlaw.com | maknueve@vorys.com |
| | bashepler@vorys.com |
| | cdcatignani@vorys.com |
| Attorneys for Plaintiff | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing was served electronically through this Court's electronic service system upon all parties and/or counsel of record on this 29th day of November, 2017.  Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

                                                  /s/ *Benjamin A. Shepler*
                                                  Benjamin A. Shepler